The Village of Gurnee, Plaintiff-Appellee, *v.* J. Russel Miller *et al.*, Defendants-Appellants.

(No. 73-155;

Second District (1st Division)—February 14, 1975.

Paul S. Chervin, of Waukegan, for appellants.

W. Howard Swanson and Donna R. Henderson, both of Waukegan, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

This case involves the construction and application of section 11—31—1 of the Illinois Municipal Code (Ill. Rev. Stat. 1969, ch. 24, par. 11—31—1), which statute provides for the demolition of unsafe buildings by a municipality.

Defendants herein are the owners of premises in the Village of Gurnee, Illinois, which were improved with two houses and a garage thereon. The buildings were located within 100 yards of the Gurnee school and had been vacant and unoccupied for a period of over 3 years prior to the filing of the instant suit. Under the provisions of the above quoted Municipal Code on October 7, 1968, defendants were served with a 15-day notice to repair or demolish the buildings in question. The complaint was filed for the demolition of the buildings on November 1, 1968. After several hearings, enumerable continuances and numerous orders, a final

order was entered ordering the demolition of the house 4 years later, on October 2, 1972. The defendants have appealed from this order.

No useful purpose would be served in itemizing or listing the various orders entered, vacated at the request of the defendants, and reinstated which finally led to the final order of October 2, 1972. Needless to say, the defendants were given many continuances and several orders extending the time for the repair of the premises. During this 4-year period the defendants themselves demolished the south building on the premises, and this appeal deals with what was the north residence located on the property in question. At the time of the entry of the final order of demolition in October, 1972, the premises had been unoccupied for over 7 years. The complaint for demolition under the statutory provision alleged that the buildings were in a dangerous and deteriorated condition. While it would appear from an examination of the record herein that the remaining building was, perhaps, in repairable condition, the record further indicates that the repairs were not done even after the many continuances granted to the defendants.

Application of the section of the Illinois Municipal Code dealing with the demolition of unsafe premises was discussed in detail by the Supreme Court of Illinois in *City of Aurora v. Meyer* (1967), 38 Ill.2d 131, 133, 230 N.E.2d 200, 202. The court there stated, in pertinent part, that:

"It thus appears that before [a] city may step in and repair or demolish, it must be shown that the building is 'dangerous and unsafe.'"

The court then went on to discuss the law relative to the destruction of private property where the same is found by the court to be a hazard to the public safety.

"The law is well settled that in cases of this nature courts do not go further than is necessary to protect the public interest. Property may be ordered destroyed under certain conditions but only if the danger cannot be abated in any other way. It is only in cases where an absolute necessity exists that courts adopt the drastic method of correction by ordering destruction of the property. [Citations.] In other words the remedy is limited to the necessities of the case. Where hazardous conditions may be remedied by repair without major reconstruction the building may not be destroyed. *Albert v. City of Mountain Home*, 81 Idaho, 74, 337 P.2d 377." 38 Ill.2d 131, 136-37, 230 N.E.2d 200, 203-04.

The substance of the finding by the supreme court in the *City of Aurora v. Meyer* case is that if a building may be repaired demolition should not be ordered "without giving the owners a reasonable opportunity to make the repairs." 38 Ill.2d 131, 137, 230 N.E.2d 200, 204.

In the case before us the owners were given more than a reasonable opportunity to make the repairs, to-wit, more than 4 years prior to the final order of demolition. It would thus appear that the Village of Gurnee extended every opportunity to the owners to repair the premises or make them habitable and thus remove the danger or hazard which might be incurred by the public.

The courts are reluctant, and should be most cautious, in the ordering of the destruction of private property as a hazard to the public, but from the facts of this case it appears that the defendants, with no excuse offered whatsoever, allowed the premises in question to remain vacant and unoccupied with the windows open and ready access to the premises for a period of 4 years after the filing of this suit, during which time the Village attempted to secure through court action an order for the removal of the building located on the premises in such a state of disrepair.

■■ We do not find that the order of demolition was against the manifest weight of the evidence. Under the facts of this case, considering the proximity of the grade school and the generous opportunity afforded defendants to repair and rehabilitate the residence in question, we further find that the trial court was justified in ordering the demolition of the building as a matter of "absolute necessity" because of the "hazardous conditions" present. In this appeal the defendants have prayed that the order of the trial court be reversed and that the matter be remanded to the trial court with direction to order the repairs to the building in question. The judgment of the trial court is affirmed.

Affirmed.*

SEIDENFELD, P. J., and HALLETT, J., concur.

---

\* It is to be noted that the residence was in fact demolished in August, 1974, 5 years after the filing of the complaint herein.